be 'embarrassed' by having matters put into his mind, the effect of which it is impossible to estimate or assess? As an illustration of this proposition, the Court of Criminal Appeal has expressed, not once but many times, its thorough disapproval of evidence which is sometimes given by police officers at the end of a case when a man has been convicted. On such occasions all sorts of allegations are frequently made against a man's character, sometimes in the nature of hearsay and sometimes not supported by evidence at all. What is the ground for the disapproval of the Court of Criminal Appeal regarding such statements? It can only be that the judge who, after hearing the statements, has to pronounce sentence, may, quite unconsciously, have his judgment influenced by matters which he has no right to consider. . . . Not all defamatory matter can amount to contempt of court. It is unnecessary to go through the authorities, but that appears in case after case. Whether defamatory matter amounts to contempt in any particular case is a question in each case of fact, of degree and of circumstances. Obviously far less would amount to contempt of court if the matter were published before the hearing by a jury than would be required before a hearing by a judge or by the Court of Criminal Appeal. . . . Much is said to-day about the freedom of the press, and I only wish to point out that our decision in this case comes to no more than this: that everything the public has a right to know about a trial of the kind with which we are here concerned, that is to say, everything that has taken place in open court, may be published, and beyond that there is no need or right to go [pp. 445–46]."

No. 465. NEWYAHR v. UNITED STATES. United States Court of Appeals for the District of Columbia Circuit. Certiorari denied. *William R. Lichtenberg* for petitioner. *Solicitor General Perlman, Assistant Attorney General Campbell* and *Robert S. Erdahl* for the United States.

No. 469. TURPIN v. WISCONSIN. Supreme Court of Wisconsin. Certiorari denied. *Henry K. Chapman* for petitioner. *Thomas E. Fairchild,* Attorney General of Wisconsin, *Stewart G. Honeck,* Deputy Attorney General,

and *William A. Platz,* Assistant Attorney General, for respondent.

No. 474. SMITH ET AL. *v.* O'DWYER, MAYOR, ET AL. Court of Appeals of New York. Certiorari denied.

No. 493. GRANAT BROS. ET AL. *v.* GOMEZ ET AL., DOING BUSINESS AS GOMEZ MANUFACTURING Co. C. A. 9th Cir. Certiorari denied. *Oscar A. Mellin* for petitioners. *Chellis Carpenter* for respondents.

Nos. 393 and 398. PEDIGO ET AL. *v.* CELANESE CORPORATION;

No. 394. CARROLL ET AL. *v.* CELANESE CORPORATION;

Nos. 395 and 397. ALRED ET AL. *v.* CELANESE CORPORATION; and

Nos. 396 and 399. WOMACK *v.* CELANESE CORPORATION. Supreme Court of Georgia. Certiorari denied. MR. JUSTICE BLACK thinks petitioners were denied due process of law and that the petition should be granted. *Isadore Katz* and *Warren E. Hall, Jr.* for petitioners. *Barry Wright* for respondent. *Arthur J. Goldberg* and *Thomas E. Harris* filed a brief for the Congress of Industrial Organizations, as *amicus curiae,* supporting the petition.

No. 68, Misc. GRESHAM *v.* TEXAS. Court of Criminal Appeals of Texas. Certiorari denied. Petitioner *pro se. Price Daniel,* Attorney General of Texas, *Joe R. Green-*